IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-1562-LTB-MJW

DOUG PACE,

　　Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, a/k/a USAA

　　Defendant.

## PROTECTIVE ORDER

Defendant United Services Automobile Association ("Defendant," or "USAA"), having appeared before the Court by motion and having shown good cause for the entry of a protective order, IT IS ORDERED:

1.　This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.　As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.　Documents and information produced by Plaintiff Doug Pace ("Plaintiff") and Defendant (collectively, the "Parties") through discovery that contain Confidential and/or

Proprietary Information shall be treated as confidential by the Parties and shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose or litigation whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order or pursuant to a legally enforceable subpoena.

4. Information designated as "Confidential Information" shall be information that includes or implicates employee or member medical information; proprietary business information and/or business information not made available to the public; information protected from disclosure pursuant to regulations, including but not limited to any nonpublic, personal information regarding members; personnel or member information or files; information regarding employees, including employee benefits, severance benefits, dates of birth, salary, employee performance, and documents, materials, and deposition or other testimony relating to such matters; or any other information that a designating Party in good faith believes contains confidential and/or proprietary information.

5. "Confidential Information," as used herein, means any information as described in paragraph 4 which is designated by any Party as "Confidential," "Proprietary," "Confidential and/or Proprietary," or "Confidential Subject to Protective Order," whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, response to requests for admission, or response to request for documents, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, or otherwise. In designating information as "Confidential Information," a Party will make such designations only as to that information that

the Party has reviewed and in good faith believes contains confidential and/or proprietary information.

6. "Confidential Information" and information derived from "Confidential Information" may only be disclosed or made available to the following persons who shall be designated as "Qualified Persons":

    (a) The Parties, including the representatives for Defendant;

    (b) Attorneys of record for the Parties in this litigation and employees of such attorneys to whom it is necessary that the information be shown for purposes of this litigation;

    (c) Independent investigators, experts, or consultants retained by any Party's counsel of record in the preparation of this case, to whom it is necessary that the information be shown for purposes of this litigation;

    (d) The Court, its employees and agents, court reporters, and their agents in depositions, hearings, or trial in this action;

    (e) Stenographic reporters who are actively engaged in proceedings necessarily incident to the conduct of this action;

    (f) Deponents, witnesses, or potential witnesses; and

    (g) Any other person designated as a Qualified Person by this Court, after notice and hearing, or designated by written agreement of the Parties.

7. Prior to disclosing any documents containing "Confidential Information" to any expert witness or consultant, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this

Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to an *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.  The Parties may designate documents produced in this action as "Confidential Information" by marking the first page of each document so designated "Confidential," or "Confidential Subject to Protective Order." In lieu of marking the original of a document, if the original is not produced, the Parties may mark the copies that are produced or exchanged.

9.  Information disclosed at any deposition may be designated by the Parties as "Confidential Information" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Alternatively, the Parties may also designate information disclosed at such deposition as "Confidential" by notifying the other Party's counsel in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" thereafter. The receiving Party's counsel shall attach a copy of such written notice(s) to the face of the transcript and each copy thereof in their possession, custody, or control.

10. Copies of "Confidential Information" provided to a receiving Party shall be maintained in the offices of the designating Party. Any documents produced in this litigation, regardless of classification, which are provided to persons designated in paragraph 6 above, shall be maintained only at the office of such person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

11. Nothing herein shall prevent disclosure beyond the terms of this order if the designating Party consents to such disclosure in writing or if the Court, after notice to all affected Parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person, regardless of which Party produced such information.

12. Within thirty (30) days of receiving a production of documents, a party may object to the designation of particular information as "Confidential" by giving written notice to the designating party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

13. Any Party may seek an order of this Court modifying this Protective Order. The Court may modify this Protective Order at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

14. In the event a Party who has received "Confidential Information" wishes to use any "Confidential Information," including deposition testimony or any exhibits comprised of, or which contain, information designated as "Confidential Information," in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the receiving Party shall seek leave to file such "Confidential Information" under seal pursuant to D.C.COLO.LCivR 7.2 and 7.3, either before or contemporaneously with the filing. In filing and serving documents containing "Confidential Information", and in moving to file "Confidential Information" under seal, the receiving Party shall adhere to paragraph VI.A.2. of the District of Colorado Electronic Case Filing Procedures.

15. Unless otherwise agreed to in writing by the Parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

16. The provisions of paragraph 14 of this Protective Order do not apply to exhibits offered at the time of trial; provided, however, that any Party shall be entitled to seek such protective orders concerning the "Confidential Information" to be introduced at trial as it deems reasonable and/or necessary to protect "Confidential Information" from public disclosure. No later than fourteen (14) days before the date of trial, a receiving Party shall advise a designating Party in writing of any "Confidential Information" he or it intends to use at trial so that the designating Party will have an opportunity to seek an appropriate protective order.

17. Within sixty (60) days upon final disposition of this litigation (including any appeal) all "Confidential Information," all reproductions thereof, and all abstracts and compilations therefrom, in the possession of any Qualified Persons, shall be returned to counsel

for the Party who produced the information and/or designated it as "Confidential." No copies shall be retained by the receiving Party, his, her, or its counsel or expert witnesses. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of "Confidential Information" pursuant to this Protective Order.

18. The inadvertent or unintentional production of documents containing, or other disclosure of, "Confidential Information," without being designated as "Confidential Information" at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of any Party's claim of confidentiality, either as to specific information discussed or as to any information relating thereto or on the same or related subject matter. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party. The production of documents or other tangible things pursuant to a request for production shall not be deemed a waiver of any right by the producing Party to object to admissibility of such document at a later time.

19. This Protective Order shall apply to and be enforceable against Plaintiff, Plaintiff's attorneys, Defendant, Defendant's attorneys, all persons and entities to whom any "Confidential Information" is disclosed; and all of their agents, members, shareholders, partners, associates, consultants, employees, representatives, successors, and assigns.

20. Nothing in this Order shall affect Defendant's right to make any legitimate use of its own business records, including personnel records.

21. NOTHING CONTAINED IN THIS PROTECTIVE ORDER SHALL BE CONSTRUED AS PERMITTING DISCLOSURE OF ANY CONFIDENTIAL INFORMATION, OR ANY INFORMATION ABSTRACTED THEREFROM, TO COUNSEL OR PARTIES IN ANY ACTUAL OR POTENTIAL LITIGATION OR LEGAL PROCEEDING OTHER THAN THE ABOVE-ENTITLED AND NUMBERED CAUSE, OR TO ANY PERSON OR ENTITY INVOLVED IN THE INVESTIGATION OR PREPARATION OF ANY OTHER POTENTIAL LITIGATION OR LEGAL PROCEEDING.

22. This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the questions of whether any particular document or information is confidential or whether its use should be restricted; or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

DATED this 22nd day of March, 2006.

BY THE COURT:

_____
United States Magistrate Judge

MICHAEL J WATANABE
US MAGISTRATE JUDGE