IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01562-LTB-MJW

DOUG PACE,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, a/k/a USAA,

Defendant.

---

**ORDER REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 22)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for oral argument on the Defendant's Motion for Protective Order (docket no. 22). The court has reviewed the motion and has considered oral argument by the parties through counsel. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

During oral argument, Plaintiff's counsel informed this court that Plaintiff is not objecting to a protective order entering, but Plaintiff is objecting to certain specific language contained in paragraphs 3, 7, 9, 10, 14, 15, 17, and 20 in the Defendant's proposed written protective order. In essence, Plaintiff argues that the language contained in such paragraphs exceeds the scope of such protective order as permitted

2

under <u>Gillard v. Boulder Valley Sch. Dist. RE-2</u>, 196 F.R.D. 382 (D. Colo. 2000). Defendant argues that the proposed protective order has the same language as used in a similar case filed in the United States District Court for the District of Colorado under case no. 05-CV-00927-WDM-BNB, captioned <u>Hubbard v. United Services Automobile Association</u>. Defendant further argues that Magistrate Judge Boland approved identical protective order language in the <u>Hubbard</u> case which is consistent with the scope of the protective order issued in the <u>Gillard</u> case.

Pursuant to Fed. R. Civ. P. 26(c), this court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." "[A] court may, among other things, enter a protective order providing that discovery 'not be had' or 'be had only on specified terms and conditions. . . .'" <u>Gillard</u>, 196 F.R.D. at 385 (quoting Fed. R. Civ. P. 26(c)(1) and (2)). Whether to enter a protective order lies within the sound discretion of the court. <u>Thomas v. IBM</u>, 48 F.3d 478, 482 (10th Cir. 1995); <u>Gillard</u>, 196 F.R.D. at 387.

Here, the court finds that the Defendant has met the requirements of <u>Gillard</u>, *supra*. Moreover, the court finds that the Defendant's proposed language in the written protective order is consistent with the <u>Gillard</u> and <u>Hubbard</u> cases and should be approved as tendered.

ORDER

Accordingly, based upon these findings of fact and conclusions of law, the court ORDERS:

    1.    That Defendant's Motion for Protective Order (docket no. 22) is GRANTED.

3

2. That the Defendant's proposed written Protective Order is APPROVED and made an Order of Court.

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 22nd day of March 2006.

BY THE COURT

s/Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge