IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-01562-LTB-MJW

DOUG PACE,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, a/k/a USAA,

Defendant.

## ORDER REGARDING
## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, PURSUANT TO FED. R. CIV. P. 26, 33, 34, AND 37 AND REQUEST FOR ATTORNEY FEES AND COSTS
## (DOCKET NO. 46)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Plaintiff's Motion to Compel Responses to Interrogatories and Request for Production of Documents, Pursuant to Fed. R. Civ. P. 26, 33, 34 and 37 and Request for Attorney Fees and Costs (docket no. 46). The court has reviewed the motion, response (docket no. 66), and reply (docket no. 74). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case involves Plaintiff Doug Pace who is a 54 year old, Caucasian male who was employed as a full-time insurance claims handler with Defendant USAA from

2

November 1987 until November 2003.  Plaintiff's claims are brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and The Colorado Civil Rights Act, § 24-34-402, C.R.S.

Plaintiff seeks an order requiring Defendant to fully answer Plaintiff's interrogatories 1-4, 8-12, 16-18, and 22-26 as well as Plaintiff's request for production numbered 2-6, 8-12, 14-15, 18-21, and 23-25 as outlined in Plaintiff's First Set of Interrogatories and Requests for Production of Documents.  Plaintiff argues that Defendant's responses to these interrogatories and requests for production of documents are incomplete.  In addition, Plaintiff seeks an order requiring Defendant to fully answer Plaintiff's interrogatories 15 and 22-26 and request for production of documents 2, 6, 9, 10, 15, 19, 21, 23, and 24, since Defendant's answers to these interrogatories and request for production of documents have been narrowly limited to the time frame from the year 2003 through the date of Plaintiff's termination, at USAA's Mountain States Regional Office, among employees reporting to Ms. Segura and working in Plaintiff's work unit.

Defendant argues first that the Plaintiff's Motion to Compel (docket no. 46) is barred since the Plaintiff did not avail himself of the discovery process while discovery was available.  Moreover, Defendant argues that the objections raised as to each of the contested interrogatories and request for production of documents listed above are proper and should be sustained by the court.  Lastly, Defendant argues that Plaintiff's subject motion has no merit since Defendant has provided complete and proper

3

responses to the subject interrogatories and requests for production of documents.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.

This court has carefully reviewed each contested interrogatory and each contested request for production of document along with the responses to the same that were provided by Defendant.  After such careful review, this court finds:

**INTERROGATORIES**

1.  As to Interrogatory ("Rog.") 1, this Rog. has been answered in full.  If Defendant had anyone else besides Dana Hagood assist in preparing

4

responses to the subject discovery, then Defendant shall provide a supplemental response to Rog. 1, providing the name or names of such person or persons.

2. As to Rog. 2, this Rog is over-broad as drafted, and Defendant has fully responded to this Rog. No further response is required.

3. As to Rog. 3, this Rog calls for information that may be privileged under the attorney work product doctrine, and therefore no further response is required by Defendant.

4. As to Rog. 4, this Rog calls for information that may be privileged under the attorney work product doctrine. Defendant has fully answered this Rog., and no further response is required by Defendant.

5. As to Rogs. 5, 6, and 7, such Rogs. are not subject to this motion.

6. As to Rog. 8, Defendant has not fully responded to this Rog. The Defendant shall provide a more complete response outlining the job description for Plaintiff while he worked for Defendant during the period of time between November 1987 to November 2003. If Plaintiff's job position changed during this period of time, then Defendant shall provide such job descriptions for each job that Plaintiff held with Defendant during this period of time.

7. As to Rog. 9, Defendant has not fully responded to this Rog. The Defendant shall provide a more complete response and provide Plaintiff with the names of all individuals who were consulted on Plaintiff's job or

5

performance evaluations during the period of time between November 1987 through November 2003.

8. As to Rog. 10, Defendant has fully responded to this Rog.

9. As to Rog. 11, Defendant has fully responded to this Rog.

10. As to Rog. 12, Defendant has fully responded to this Rog. Moreover, this Rog. is unduly burdensome since it is not reasonably limited in time.

11. As to Rogs. 13 and 14, such Rogs. are not subject to this motion.

12. As to Rog. 15, this Rog. is over-broad and unduly burdensome as drafted, and therefore no further response shall be required.

13. As to Rog. 16, Defendant has fully responded to this Rog.

14. As to Rog. 17, the objections to this Rog. as outlined in Defendant's response to such Rog. are incorporated by reference by this court, and therefore no further response is required.

15. As to Rog. 18, this Rog. as drafted calls for information that touches upon communications and the ideas, thoughts, and conclusions by Defendant's attorneys and thus infringes upon attorney work product. Accordingly, no further response is required.

16. As to Rogs.19, 20, and 21, such Rogs. are not subject to this motion.

17. As to Rog. 22, this Rog. is both over-broad and unduly burdensome since it is not reasonably limited in time. Accordingly, no further response is required.

18. As to Rog. 23, the objections to this Rog. as outlined in Defendant's

6

response to such Rog. are incorporated by reference by this court, and therefore no further response is required.

19. As to Rog. 24, the objections to this Rog. as outlined in Defendant's response to such Rog. are incorporated by reference by this court, and therefore no further response is required.

20  As to Rog. 25, the objections to this Rog. as outlined in Defendant's response to such Rog. are incorporated by reference by this court, and therefore no further response is required.

21. As to Rog. 26, the objections to this Rog. as outlined in Defendant's response to such Rog. are incorporated by reference by this court, and therefore no further response is required.

## REQUEST FOR PRODUCTION OF DOCUMENTS

22. As to Request for Production of Documents ("RFP") 1, 7, 13, 16, 17, and 22, such RFPs are not subject to this motion.

23. As to RFPs 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 14, 15, 18, 19, 20, 21, 23, 24 and 25, the objections to these RFP as outlined in Defendant's responses to such RFPs are incorporated by reference by this court, and therefore no further response is required.

## ORDER

**WHEREFORE**, based upon these finding of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Responses to Interrogatories and

7

Request for Production of Documents, Pursuant to Fed. R. Civ. P. 26, 33, 34 and 37 and Request for Attorney Fees and Costs (docket no. 46) is GRANTED IN PART AND DENIED IN PART.

2. That the motion is GRANTED as to Rogs. 1, 8, and 9 only. The remainder of the motion is DENIED.

3. That Defendant shall provide to Plaintiff on or before October 15, 2006, any supplemental response to Rog. 1 and complete responses to Rogs. 8 and 9.

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 21st day of September 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge